983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
OVERSEAS MOTORS, INC., Respondent.
 No. 92-6387.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before RALPH B. GUY, JR and RYAN, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 CONSENT JUDGMENT
 
 1
 The National Labor Relations Board issued a Supplemental Order on June 24, 1992, vacating its prior order denying all backpay to Charging Party and adopting the recommended Order set forth in the judge's third supplemental decision against Respondent, Overseas Motors, Inc., its officers, agents, successors, and assigns, and the parties having consented to the entry of a consent judgment by stipulation dated September 14, 1992, and the Board having applied to this Court for the entry of a consent judgment, upon consideration of said application and stipulation:
 
 
 2
 IT IS HEREBY ORDERED AND ADJUDGED by the Court that the Respondent, Overseas Motors, Inc., its officers, agents, successors, and assigns, shall take the following affirmative action to effectuate the policies of the National Labor Relations Act, as amended:
 
 
 3
 (a) Make whole Miroljub Mitkovski for loss of pay suffered by reason of the discrimination against him, by payment to him of $200,000.00. Of this amount, $93,648.73 shall be construed as wages, and $106,351.27 shall be construed as interest.
 
 
 4
 (b) The interest portion of this amount shall be paid before any of the backpay portion is paid.
 
 
 5
 (c) Backpay and interest will be paid in 31 payments. The first payment of $85,000.00 (Eighty-five thousand dollars) shall be due in the Regional Office of the Seventh Region of the National Labor Relations Board on or before the 20th day following the date of the Board's approval of the Stipulation. The remaining 30 payments of $3,833.33 (Three thousand eight hundred thirty-three dollars and thirty-three cents) each will be due in the Regional Office of the Seventh Region of the Board on a monthly basis beginning 50 days after the Board's approval of the Stipulation. The second, third, fourth, fifth and sixth payment of $3,833.33 will be considered interest payments. Of the seventh payment $2,184.62 will be considered interest and $1,648.71 will be considered backpay. The remaining payments will be considered backpay.
 
 
 6
 (d) If any installment other than the final installment is not paid on or before the due date, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against Respondent for the collection of the full indebtedness remaining due, with additional interest on the entire unpaid balance from the date of default until full payment is received computed in accordance with the formula set forth in New Horizons for the Retarded, 283 NLRB 1173 (1987). However, Respondent shall have a grace period of 15 (fifteen) days following notice of default to cure the default before said collection procedures will be implemented.
 
 
 7
 Respondent agrees that until the last payment is made:
 
 
 8
 (a) To keep and maintain, at its own expense, all property and assets of Respondent fully insured against loss or damage from fire, theft and similar risks.
 
 
 9
 (b) To pay promptly, and within the time that they could be paid without interest and penalties, all taxes, assessments, and similar imposts and charges of every kind and nature lawfully levied, assessed, or imposed upon Respondent, except to the extent being contested in good faith.
 
 
 10
 (c) To do or cause to be done all things necessary to preserve and keep in full force and effect its corporate existence; to continue to conduct its operations substantially as conducted and operated at the time or execution of the Settlement Agreement; and to at all times maintain, preserve, and protect all of its property used or useful, in the conduct of its business, and to keep the same in good repair, working order and condition.
 
 
 11
 (d) To not sell, lease, transfer or otherwise dispose of any portion of its property or assets, except in the ordinary course of business or for fair consideration.
 
 
 12
 (e) To not convey ownership of any portion of Respondent by sale, transfer, pledge of stock or otherwise.
 
 
 13
 (f) To not incur debt outside of the ordinary course of the day-to-day operations of Respondent.
 
 
 14
 (g) To not make any unreasonable increases or changes in the salaries, bonuses, advances, dividends, fringe benefits, or any other outflows of case or other benefits of employment from Respondent to any shareholder, director, or officer.
 
 
 15
 (h) To not make any capital acquisitions outside of ordinary course of business.
 
 
 16
 (i) To not purchase another business, or merge or consolidate with another business.
 
 
 17
 (j) To not liquidate Respondent.
 
 
 18
 (k) To not reorganize or recapitalize Respondent.
 
 
 19
 (l) To not change the nature or character of Respondent's business, except in the ordinary course of day-to-day operations thereof.
 
 
 20
 (m) To not create any mortgage, pledge, lien, or charge against any of the property of Respondent outside of the normal day-to-day operations thereof.
 
 
 21
 (n) To not voluntarily file any petition in bankruptcy for reorganization, liquidation, or otherwise or permit the filing of any insolvency or similar petition in any state court, or admit any material allegation in an involuntary bankruptcy or insolvency proceeding. Mandate shall issue forthwith.